UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILIATION, et al.,<br><br>Defendants. | No. 2:22-cv-0703 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983 and violations of California law against employees of the California Department of Corrections and Rehabilitation. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of court records reveals that plaintiff was found to be "struck out" for purposes

1

of 28 U.S.C. §1915(g) in Lamon v. Mey, No. 2:20-cv-1474 TLN KJN P on November 2, 2021. Judgement in that action was final before plaintiff commenced this action. This being the case, plaintiff can only proceed in forma pauperis in this action to the extent he raises a claim asserting imminent danger of serious physical injury.

"Imminent danger of serious physical injury" is "a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 1:16-cv-1421 LJO GSA P, 2016 WL 5815905, *1 (E.D. Cal. Oct. 4, 2016). In order to make a showing of "imminent danger of serious physical injury" an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff makes several allegations in his complaint; some having to do with his physical well-being and some not. Plaintiff claims several defendants mean him harm and have conspired against him in various ways, but the allegations are either too vague and conclusory to amount to a showing of "imminent danger"[1] or not based in reality.[2]

In light of the foregoing, the court will recommend that plaintiff's request for leave to proceed in forma pauperis be denied and that plaintiff be granted fourteen days within which to pay the $402 filing fee for this action.

/////

---

[1] For example, plaintiff claims California Health Care Facility employees are "intentionally staging [plaintiff] for physical altercations with other inmates . . . and otherwise sadistically leveraging [plaintiff's] health, safety and well being. . ." ECF No. 1-2 at 2.

[2] For example, plaintiff asserts he is intentionally housed next to inmates who use their Continuous Positive Airway Pressure (CPAP) machines to "bombard" plaintiff with "concentrated electromagnetic energy fields" which causes plaintiff depression, pain, irregular heartbeat and several other maladies. ECF No. 1-2 at 5.

     Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

     IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within 14 days.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
lamo0703.3ks

3